IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER DESHAUN
MONTGOMERY                                                                                      PLAINTIFF

v.                                      Civil No. 5:24-CV-05157-TLB-CDC

BLAINE MILLER, Benton County Drug
Unit (BCDU) and DETECTIVE ROBBINS,
BCDU                                                                                             DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is incarcerated, is proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court are Defendants Blaine Miller's and Detective Charles Robbins's Motion for Summary Judgment (ECF No. 32), Brief in Support (ECF No. 33), and Statement of Indisputable Material Facts (ECF No. 34), and Plaintiff Christopher Deshaun Montgomery's Response in Opposition (ECF No. 39). For the reasons given below, the undersigned recommends that the Motion be **GRANTED**.

### I. BACKGROUND

Plaintiff filed this lawsuit on July 30, 2024, bringing a variety of claims against many different defendants, regarding various incidents that occurred while he was incarcerated at the Benton County Detention Center ("BCDC"). However, the only claims of his which survived preservice screening under 28 U.S.C. § 1915A were claims against Defendants Miller and Robbins, alleging that they retaliated against him for engaging in activity that is protected under

1

the First Amendment by transferring him to 23-hour lockdown. This Court observed at the preservice screening stage that "[t]ransferring an inmate to administrative segregation and restricting his privileges for engaging in protected First Amendment activity states a cause of action." (ECF No. 13, p. 8) (citing, *inter alia*, *Royal v. Kautzky*, 375 F.3d 720, 722 (8th Cir. 2004)). Plaintiff subsequently filed a Second Amended Complaint (ECF No. 17) which clarified that his claim regarding retaliatory administrative segregation was brought only against Defendant Miller, but which reasserted claims which had been dismissed on preservice screening alleging that both Defendants Miller and Robbins verbally abused and threatened him during an interrogation. Plaintiff brings his claims against these Defendants in their individual capacities only. *See* ECF No. 17, pp. 5, 9. Following the conclusion of discovery in this matter, both Defendants moved for summary judgment on all remaining claims. Their Motion has been fully briefed and is now ripe for decision.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

The undersigned will first address Plaintiff's claims regarding his allegedly abusive interrogation by Defendants. The Court already observed at the preservice screening stage that verbal threats, taunts, name-calling, and offensive language do not constitute a constitutional violation, and that the only exception to this rule is when the verbal abuse is accompanied by threats of death. *See* ECF No. 13, pp. 4–5 (citing *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987); *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986). The Court dismissed these claims at that time because Plaintiff had not alleged any such lethal threats. *See id.* Plaintiff's restatement of these claims in his Second Amended Complaint still does not make any such allegation; and during his deposition, Plaintiff conceded that Defendants did not threaten to injure or kill him during the interrogation.[1] Therefore, Defendants are entitled to summary judgment on these claims, which should be dismissed with prejudice.

---

[1] Defendants state in their Statement of Indisputable Material Facts that "Plaintiff testified in his deposition there was no threat to injure or kill him or other physical contact," and they cite therein to page 42 of Plaintiff's deposition, which purports to be Exhibit 3 to their Motion. *See* ECF No. 34, ¶ 8. However, Defendants failed to actually attach Plaintiff's deposition, nor any other document, as Exhibit 3 to their Motion. But Plaintiff's Response nowhere denies this characterization of his deposition testimony; accordingly, it is deemed admitted under Local Rule 56.1(b)–(c) and Rule 56(e)(2) of the Federal Rules of Civil Procedure.

Turning now to Plaintiff's claim regarding his alleged retaliatory administrative segregation: this too must be dismissed with prejudice. Both Defendants have produced sworn affidavits testifying that they are Narcotics Detectives for Benton County, Arkansas, who have no involvement in jail operations or administration of disciplinary actions at the BCDC. *See* ECF No. 34-1, ¶ 6; ECF No. 34-2, ¶ 6. Both Defendants have testified that their sole involvement with Plaintiff was conducting the interrogations of which he complains, after they were brought in to perform an investigation about a contraband incident at the jail. *See* ECF No. 34-1, ¶¶ 1–3; ECF No. 34-2, ¶¶ 1–3. Both Defendants deny having ever contacted BCDC staff to request placement of Plaintiff in administrative segregation. *See* ECF No. 34-1, ¶ 5; ECF No. 34-2, ¶ 5. Plaintiff, for his part, testified in his deposition that he is simply "assuming" Defendant Miller directed him to be placed in administrative segregation because Miller was the last person to yell at him when he finished the interrogation.[2] *See* ECF No. 34, ¶¶ 9–11. Plaintiff has not produced any evidence that either Defendant played any role whatsoever in his administrative segregation. As noted in the preceding section of this Report and Recommendation, "[a] case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *National Bank*, 165 F.3d at 607.

## IV. CONCLUSION

Accordingly, it is recommended that Defendants Blaine Miller's and Detective Robbins's Motion for Summary Judgment (ECF No. 32) be **GRANTED**.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

---

[2] Here again, this is a characterization of Plaintiff's deposition testimony—which Defendants failed to attach to their Motion—that is deemed admitted because Plaintiff has not disputed it.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **3rd day of November 2025**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE